**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **FOXFIELD VILLA ASSOCIATES, LLC, RICHARD A. BARTLETT, ERNEST J. STRAUB, III, BARTLETT FAMILY REAL ESTATE FUND, LLC, and PRES, LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**PAUL ROBBEN, and RDC HOLDINGS, LLC,**<br><br>Defendants. | **Case No. 12-2528/13-2120** |

## MEMORANDUM & ORDER

This matter comes before the court upon defendants Paul Robben and RDC Holdings, LLC ("RDC")'s Motion to Dismiss (Doc. 106) and plaintiffs Richard A. Bartlett, Bartlett Family Real Estate Fund, LLC, Foxfield Villa Associates, LLC ("FVA"), Pres LLC, and Ernest J. Straub, III's Motion for Leave to file Sur-Reply (Doc. 119).

**I.     Background**

This case involves a failed real estate development project in Olathe, Kansas, that began in 2000. Defendants and plaintiffs had financial interests at varying times in the project. Plaintiffs' allegations relate to defendants' alleged misconduct, which led plaintiffs to invest and eventually lose money in the venture. Plaintiffs filed this suit against numerous defendants on August 10, 2012. Another federal lawsuit was filed on March 8, 2013 and was eventually consolidated with this one. Both suits were stayed pending resolution of a related Johnson County, Kansas court proceeding.

Defendant Robben filed for bankruptcy relief under Chapter 7 on April 3, 2013. On February 6, 2014, the bankruptcy court granted defendant Robben a discharge under 11 U.S.C. § 727. However,

the bankruptcy court noted that some debts were not discharged, including, "[d]ebts that the bankruptcy court specifically has decided or will decide in this bankruptcy case. . ." (Doc. 107-4).

On September 8, 2015, plaintiffs filed a stipulation of dismissal with prejudice, dismissing their claims against all defendants except Mr. Robben and RDC. On November 25, 2015, plaintiffs filed their Second Amended Complaint (Doc. 66) asserting the following 32 counts against remaining defendants:

<u>Count 1- negligent misrepresentation as a real estate broker/salesperson (Robben)</u>
Count 2- aiding and abetting count 2 (RDC)
<u>Count 3- negligence as a real estate broker/salesperson (Robben)</u>
Count 4- aiding and abetting count 3 (RDC)
<u>Count 5- negligent misrepresentation as a Certified Public Accountant ("CPA") (Robben)</u>
Count 6- aiding and abetting count 5 (RDC)
<u>Count 7- negligence as a CPA (Robben)</u>
Count 8- aiding and abetting count 7 (RDC)
Count 9- Securities Exchange Act of 1934 ("SEC") violations (Robben)
Count 10- Kansas Uniform Securities Act ("KUSA") violations (Robben)
Count 11- aiding and abetting count 10 (RDC)
<u>Count 12- breach of contract (Robben)</u>
<u>Count 13- breach of duty of good faith and fair dealing (Robben)</u>
Count 14- breach of fiduciary duty (Robben)
Count 15- aiding and abetting count 14 (RDC)
Count 16- breach of fiduciary duty (RDC)
Count 17- aiding and abetting count 16 (Robben)
Count 18- fraudulent nondisclosure (defendants)
Count 19- aiding and abetting count 18 (RDC)
Count 20- aiding and abetting count 18 (Robben)
Count 21- fraud (Robben)
Count 22- aiding and abetting count 21 (RDC)
Count 23- aiding and abetting fraud (Robben)
<u>Count 24- tortious interference (Robben)</u>
Count 25- aiding and abetting count 24 (RDC)
Count 26- aiding and abetting tortious interference (defendants)
<u>Count 27- conversion (Robben)</u>
Count 28- aiding and abetting count 27 (RDC)
Count 29- fraudulent concealment (Robben)
Count 30- aiding and abetting count 29 (RDC)
<u>Count 31- civil conspiracy (defendants)</u>
Count 32- joint venture (defendants)

On June 30, 2016, defendants filed their motion, seeking dismissal of the nine above-underlined claims based on defendant Robben's February 2014 bankruptcy discharge (Doc. 106). Defendants argue that those claims should be dismissed because they were discharged in defendant Robben's Chapter 7 bankruptcy and litigating them would deny defendant Robben the "fresh start" envisioned by the Bankruptcy Code for debtors whose debts have been discharged.  Plaintiffs oppose dismissal of these claims for various grounds, including that they seek to establish defendants' liability in order to seek remuneration from potential third parties' who might be responsible for indemnifying defendants and/or because the claims should be excepted from discharge under 11 U.S.C. § 523(a)(2), (4), (6), and (19).  Section 523 lists those debts that are excluded from discharge, including, for example, actual fraud, embezzlement, and larceny by those acting in a fiduciary capacity.

The parties' briefing on the motion to dismiss was complete on August 18, 2016.  On December 20, 2016, plaintiffs filed an unopposed motion for extension of time to respond to unrelated briefing in this case, citing plaintiffs' pending motion to modify the discharge injunction in defendant Robben's bankruptcy case to allow plaintiffs to pursue claims against defendant Robben in this case (Doc. 137).  The court granted plaintiffs' motion, requiring plaintiffs to notify the court within five days of the bankruptcy court's decision and to provide this court with a copy of the order on the motion for modification. (Doc. 138.)  Plaintiffs failed to do so.

On January 4, 2017, the Honorable Dale L. Somers, United States Bankruptcy Judge entered a Memorandum Opinion modifying the 11 U.S.C. § 524(a) discharge injunction to allow plaintiffs to pursue certain claims against defendant Robben in this court.  The modification is limited to claims that have elements that are the same as those required to except a debt from discharge under 11 U.S.C. § 523(a)(2), (4), (6), and (19).

The bankruptcy court also considered whether the discharge injunction should be modified to allow claims excepted under § 524(e), "permit[ting] a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when . . . establishment of that liability is prerequisite to recovery from another entity." The bankruptcy court found that § 524(e) does not expressly require a motion or ruling for plaintiffs to proceed against defendant Robben as a nominal defendant. The bankruptcy court noted that plaintiffs' third-party liability argument is rather hypothetical at this point but suggested that a ruling on whether § 524(e) applies to this case might better be decided after discovery is complete "when the nature of the alleged third-party liability can be stated with more certainty." *In re Robben*, 562 B.R. 469, 480 (Bankr. D. Kan. 2017). With this background, the court addresses defendants' motion to dismiss.

## II. Legal Standard

A party may move to dismiss claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Plaintiffs must show more than a sheer possibility that defendants are liable, they must show that it is plausible that they are entitled to relief. *Id.* at 678. Reciting the elements of a cause of action supported by conclusory statements is insufficient. *Id.*

## III. Discussion

Defendants move to dismiss the nine above-underlined counts because they argue that the counts were discharged in defendant Robben's bankruptcy. Defendants also put forward separate arguments regarding counts 12, 13, and 31, which will be addressed below.

Defendants correctly state that a discharge granted pursuant to 11 U.S.C. § 524(a) "eradicates the debtor's personal liability on the obligation, but it does not eliminate the underlying debt." *In re Lunt*, 500 B.R. 9, 15 (Bankr. D. Kan. 2013) (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 84 (stating that "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in rem*.)). What defendants do not seem to understand, is that creditors may have a right to collect that debt, if possible, from entities other than debtor. To do so, creditors have to establish debtor's liability and discover potentially liable third parties.

The Tenth Circuit has found that "[a]lthough § 524(a)(2) prohibits actions brought to collect a discharged debt from the debtor, it permits suits—even those brought to collect on debts a debtor has discharged—that formally name the debtor as a defendant but are brought to collect from a third party. *In re Paul*, 534 F.3d 1303, 1307 (10th Cir. 2008). The court explained that it does not necessarily hamper a debtor's fresh start to require them to "bear such collateral burdens of litigation as those relating to discovery." *Id.* The court agrees, especially in a case, like this one, where 23 of plaintiffs' claims are not even subject to the motion to dismiss. Defendants will be litigating those claims regardless of the outcome of the present motion.

Here, plaintiffs argue the potential for third-party liability. "Plaintiffs have repeatedly requested that Robben's counsel provide information on relevant insurance coverage related to what brokerage agency held Robben's real estate license during the relevant times, who Robben's supervising broker was, and who the errors and omissions insurers were for those agencies." (Doc. 117 at 20.) Plaintiffs argue that claims for negligence, that may ordinarily be dismissed against defendant Robben, should not be dismissed because plaintiffs will have to prove that one or more defendant is liable in order to seek indemnification from potential third-party insurers or brokers who might have some exposure for defendants' actions. Defendants respond that there is no reason to

maintain the nine challenged claims based on the possibility of third-party liability, because defendant Robben says there are no third parties liable for his debts. Defendants do not attach any proof for this assertion. If they did, and the court considered them, this motion would have to be converted to a motion for summary judgment. *See Nichols v. United States*, 796 F.2d 361, 364–65 (10th Cir. 1986).

Defendants' motion to dismiss was filed early in discovery. Under the court's original scheduling order, discovery was not to close until December 30, 2016 (Doc. 94). Defendants' motion was filed at the end of June 2016. Plaintiffs claim that they attempted various means of discovering whether third parties might be open to liability for defendants' potential debts but had, as of the time their briefing was filed, been unsuccessful. Plaintiffs had at that time, at least six additional months to seek evidence that some other entity might be liable for defendants' actions within the scope of discovery in this case. That deadline has since been extended to March 2, 2017.

Defendants' argument that the nine claims at issue in their motion should be dismissed because the bankruptcy court entered a discharge in February 2014, is insufficient, in part because it fails to take into account plaintiffs' interest in determining defendants' liability in order to potentially pursue claims against third parties. The discharge entered in defendant Robben's bankruptcy case undoubtedly discharged some claims, but which claims are discharged has not been determined either by the bankruptcy court or by this court. The court finds it unnecessary to do so at this time, because it finds that all claims should remain in the case until more information is available regarding potentially liable third parties. Whether claims are now or eventually discharged in bankruptcy, plaintiffs have a right to determine whether liability exists, because any discharge would not eliminate the underlying debt. Plaintiffs may still seek compensation from third parties, if any exist.

Additionally, the claims in plaintiffs' amended complaint satisfy the pleading requirements. The second amended complaint contains over 30 pages of factual background describing defendants'

alleged misconduct.  Each of the nine challenged claims, incorporating the factual background, also contains sufficient plausible factual allegations to survive defendants' motion to dismiss.  Defendants generally do not challenge the sufficiency of plaintiffs' claims.  Instead, defendants' motion focuses on the dispute about whether defendants' nine disputed claims should be dismissed because of the bankruptcy discharge.  Defendants do make two additional arguments relating to counts 12 and 13 and count 31.

Defendants argue that counts 12 and 13 should be dismissed because they are breach of contract claims based on defendant Robben's involvement with FVA.  Defendants argue that defendant Robben was not a member of FVA and that the breach of contract claims must therefore fail.  Plaintiffs state that the parties stipulated to the fact that defendant Robben was both the president and treasurer of FVA at its inception in 2007, although he no longer holds these positions.  (Doc. 89 at 3–4.)  This establishes that defendant Robben was in fact involved in FVA's operation.  Defendants do not explain why membership status is a prerequisite to bringing a breach of contract claim.  Plaintiffs' allegations seem to relate to defendant Robben's conduct when he was president or treasurer of FVA.  Defendants' motion to dismiss these claims on the basis that he was not a member of FVA is denied.

Defendants' only other argument on the sufficiency of the pleadings relates to count 31, which is a civil conspiracy claim against both defendants.  Defendants argue that the claim is barred by collateral estoppel because a Johnson County District Court decided that there was no evidence that defendants had a civil conspiracy.  Plaintiffs counter that defendants cannot raise this issue because they were not parties to the state court lawsuit.  Collateral estoppel prohibits relitigation of an issue where there is: "(1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue, based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties are the same or in privity; and (3) the issue was actually determined and was necessary to the

support of the judgment." *Scheufler v. Gen. Host Corp.*, 881 F. Supp. 492, 494 (D. Kan. 1995) (quoting *Williams v. Evans*, 220 Kan. 394, 396 (1976)).  Defendants reply essentially cedes this issue as "a matter left for another day."  Defendants do not attempt to establish the elements required to establish collateral estoppel.  For all these reasons, defendants' motion to dismiss is denied.

Plaintiffs filed a motion for leave to file a surreply (Doc. 119.)  Surreplies are not contemplated by D. Kan. Rule 7.1(c), they are rare, and only allowed with leave of court.  *King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005).  The court finds the surreply unnecessary for resolving these issues.  It was not considered and the motion is denied.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 106) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' Motion for Leave to file Sur-Reply (Doc. 119) is denied.

Dated February 21, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**