**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**FOXFIELD VILLA ASSOCIATES, LLC, et al.,**

    **Plaintiffs,**

    **v.**

**PAUL ROBBEN and RDC HOLDINGS, LLC,**

    **Defendants.**

Case No. 12-2528

## MEMORANDUM & ORDER

This matter comes before the court upon defendants Paul Robben and RDC Holdings, LLCs' Motion to Strike Plaintiffs' Jury Trial Demand (Doc. 133) and Plaintiffs' Motion to Strike Arguments First Raised in Defendants' Reply (Doc. 156).

**I.  Background**

The claims in this case relate to a real estate development in Olathe, Kansas. All parties to this suit were involved in developing land in 2008, just before the real estate market collapsed. Plaintiff Foxfield Villa Associates, LLC ("FVA") owns the land, which it obtained through loans from Bank of Blue Valley and Bank Midwest. FVA is owned by plaintiffs Bartlett Family Real Estate Fund, LLC ("BFREF") and PRES, LLC. BFREF is owned by plaintiff Richard A. Bartlett and his wife. PRES, LLC, is owned by plaintiff Ernest J. Straub, III, although in 2008 when the venture was just getting started, defendant RDC Holdings, LLC, had a financial interest in PRES, LLC also. RDC Holdings, LLC is owned by defendant Paul Robben. Defendants currently have no financial interest in the Foxfield development.

Defendants seek to enforce a jury trial waiver clause in the Operating Agreement that governs FVA's development. Plaintiffs respond that the FVA Operating Agreement limits its scope to itself

-1-

and its members—PRES and BFREF—so none of the individuals, Robben, Straub, and Bartlett, can be bound by the jury waiver or enforce it. And they agreed to abandon the jury waiver provision. In any case, plaintiffs argue that any claims not based on the FVA operating agreement, for example plaintiff Straub's individual claims against defendants, should not be barred by any jury waiver provisions.

## II.   Legal Standard

The right to a jury trial in civil cases is a basic and fundamental right guaranteed by the Seventh Amendment. U.S. Const. amend. XII. "[C]ourts indulge every reasonable presumption against wavier," *Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389 (1937), but agreements waiving the right to a jury trial in federal court are not illegal or contrary to public policy and are governed by federal law. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835 (10th Cir. 1988). To decide whether a contractual waiver is valid, the court considers whether the waiver was knowing and voluntary. *Hulsey v. West*, 966 F.2d 579, 581 (10th Cir. 1992). Generally, courts require the party seeking to enforce the waiver to bear the burden of showing it was knowing and voluntary. *Id.*

To determine whether waiver is knowing and voluntary, courts consider: (1) whether the waiver clause was conspicuous; (2) whether there was a gross disparity in the parties' bargaining power; (3) the professional or business experience of the party opposing the waiver; and (4) whether the party opposing waiver had an opportunity to negotiate the agreement's terms. *Boyd v. U.S. Nat'l Ass'n*, No. 06-2115-KGS, 2007 WL 2822518, at *18 (D. Kan. Sept. 26, 2007). But as a preliminary matter, any jury trial waiver provision only impacts the rights of the parties to the agreement. *Hulsey*, 966 F.2d at 581.

## III.   Discussion

The FVA Operating Agreement's jury waiver states:

11.17 <u>WAIVER OF JURY TRIAL</u>.   THE COMPANY AND THE MEMBERS HEREBY   KNOWINGLY,   IRREVOCABLY,   VOLUNTARILY   AND

> INTENTIONALLY WAIVE ANY RIGHTS EACH MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, PROCEEDING, COUNTERCLAIM OR DEFENSE BASED ON THIS AGREEMENT, OR ARISING OUT OF, UNDER OR IN ANY WAY CONNECTED TO THIS AGREEMENT OR THE COMPANY, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER ORAL OR WRITTEN) OR ACTIONS OF ANY PARTY HERETO RELATING TO THE COMPANY OR THIS AGREEMENT.

(Doc. 143-2 at 26.) The plain language of the provision states that the agreement applies to FVA (the company) and BFREF and PRES, LLC (the members). A reasonable interpretation of the waiver is that the parties to the FVA Operating Agreement agreed not to make jury demands against each other should disputes arise. "The company and the members hereby . . . waive any rights each may have to a trial by jury . . . [in a case against] any party hereto . . . ." (*Id.*) Defendants urge the court to expand the scope of membership to include plaintiffs Straub and Bartlett, and defendant Robben based on agency theory, because they were principals or agents of PRES, LLC and BFREF. Defendants cite case law from other circuits in support of this argument. The court prefers to rely on case law from the Tenth Circuit when it is available and a common sense reading of the provision.

In *Hulsey*, the Tenth Circuit made factual distinctions that this court finds relevant and helpful. 966 F.2d 579. Mr. Hulsey's company and a bank entered into several loan agreements, but he did not sign any of those agreements in his individual capacity. Instead he signed as the president of the company. The Tenth Circuit found that he could not be bound by the jury waiver. *Id.* Even though Mr. Hulsey had provided a personal guarantee for the loan, the Tenth Circuit found that he should not be bound by the waiver. Plaintiffs argue that defendant Robben was not a party to the Operating Agreement in his individual capacity and that he therefore has no right to enforce the jury waiver provision. The court agrees and finds that defendants have not met their burden to show that the jury waiver provision should be enforced.

Defendants have not shown that any individuals involved in this case—Robben, Bartlett, or Straub—were ever parties to the FVA agreements in their individual capacities.  Bartlett and Straub signed as representatives for their companies.  Based on Tenth Circuit law, this does not seem to be sufficient to give defendants a right to invoke the jury waiver provision.  Likewise, although RDC had a financial interest in PRES, LLC initially, and PRES, LLC was a member under the Operating Agreement, RDC no longer has a financial interest in FVA and no longer has any interest in PRES, LLC.  In light of the court's policy of indulging every reasonable presumption against wavier, the court finds that defendants have not shown that they are entitled to enforce the waiver.  Defendants' motion is therefore denied.

Defendants also argue that the scope of the jury waiver provision should be interpreted broadly, to include claims in any way related to the Foxfield development or the FVA Operating Agreement.  They substantially rely on case law from other circuits in support of their position, including an unreported opinion from the District of New Jersey, written in 2006, for which they provide an incorrect citation.  *Joseph Oat Holdings, Inc. v. RCM Digesters, Inc.*, No. 06-4449, 2007 WL 2473832 (D. N.J. Aug. 24, 2007).  But before this court would address what the scope of the waiver should be, and whether the waiver provision should apply to particular claims, defendants must show that they have a right to enforce it.  They have not.

Lastly, the court addresses plaintiffs' Motion to Strike Arguments First Raised in Defendants' Reply (Doc. 156).  Although the federal and local rules do not contemplate sur-replies, and the court generally disfavors them, parties may always seek leave to file them in those rare cases where a party raises new arguments in a reply brief.  Seeking leave to file a sur-reply would have been the proper recourse for plaintiffs' concerns regarding the allegedly improper arguments in defendants' reply brief.

The court did not find the briefing necessary in this case. Plaintiffs' motion is therefore denied as moot.

**IT IS THEREFORE ORDERED** that defendants' Motion to Strike Plaintiffs' Jury Trial Demand (Doc. 133) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Arguments First Raised in Defendants' Reply (Doc. 156) is denied as moot.

Dated July 20, 2017, at Kansas City, Kansas.

       s/ Carlos Murguia
       **CARLOS MURGUIA**
       **United States District Judge**