**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **FOXFIELD VILLA ASSOCIATES, LLC, et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**PAUL ROBBEN and RDC HOLDINGS, LLC,**<br><br>**Defendants.** | Case No. 12-2528 |

**MEMORANDUM & ORDER**

This matter comes before the court upon plaintiff Foxfield Villa Associates, LLC; Richard A. Bartlett; Ernest J. Straub, III; Bartlett Family Real Estate Fund, LLC; and Pres, LLC's Objections to, and Motion to Review and Amend the Pretrial Order (Doc. 175). For the reasons more fully explained below, plaintiffs' motion is denied.

### I.  Background

Magistrate Judge James P. O'Hara held a pretrial conference in this case on March 30, 2017 and entered a pretrial order on April 11, 2017. (Doc. 170.) Plaintiffs' motion for review was filed April 25, 2017. Plaintiffs object to and seek review of the magistrate judge's decision to include various affirmative defenses in the pretrial order.

### II.  Legal Standard

Pretrial orders, which become the operative pleading in cases after they are entered, may only be modified "to prevent manifest injustice." Fed. R. Civ. P. 16(e). To the extent plaintiffs' motion seeks to amend the pretrial order, they must show that such modification is necessary to prevent manifest injustice.

To the extent plaintiffs' motion objects to the magistrate judge's order, Fed. R. Civ. P. 72(a) applies. It provides that a party may file objections to a magistrate judge's order within 14 days of its entry. Rule 72 provides that the district judge must then consider the "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Judge O'Hara's decision to include affirmative defenses in the pretrial order is nondispositive. 28 U.S.C. § 636 provides that: "[a]s to nondispositive pretrial matters, the district court reviews the magistrate judge's order under a clearly erroneous or contrary to law standard of review." *Hinsdale v. City of Liberal*, 981 F. Supp. 1378, 1379 (D. Kan. 1997) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988). A magistrate judge's order will be affirmed "unless on the entire evidence the court is left with the definite and firm conviction that a mistake has been committed." *Id.* The district court will only overrule the magistrate judge's order if it is clear that his broad discretion in the resolution of pretrial matters has been abused. *Id.*

**III.   Discussion**

Plaintiffs complain that some of the affirmative defenses listed in the pretrial order were not stated in the amended pleadings and that plaintiffs were not put on notice of these claims during discovery. The court agrees that generally a party must include affirmative defenses in their responsive pleading or they are waived. Fed. R. Civ. P. 8(c). However, Tenth Circuit case law explains that, in light of the liberal pleading requirements of the federal rules, courts should focus less on being hypertechnical about pleading requirements and more on the actual purpose of the rule—notice to the opposing party. "When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (10th Cir. 1988).

Judge O'Hara's decision to include any affirmative defenses that were not previously pleaded essentially constituted the court granting an amendment to the pleadings. Pretrial amendments to the pleadings, after the time to amend as a matter of course has passed, are governed by Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a party may amend its pleading with the court's leave and that the court should freely grant leave when justice so requires. In deciding whether to grant an amendment, the court considers various factors including: timeliness; prejudice to the other party; bad faith; and futility of amendment. *Anderson v. PAR Elec. Contractors, Inc.*, 318 F.R.D. 640, 642 (D. Kan. Mar. 10, 2017). But the court should also consider that the federal rules encourage decisions on the merits rather than procedural technicalities. *Id.*

Trial in this case is scheduled for June 18, 2018, around ten months after entry of the pretrial order. This extensive time period should provide plaintiff with sufficient time to strategize about how to address the affirmative defenses, should this case proceed to trial.

While it would have been preferable to plaintiffs for defendants to have raised all potential affirmative defenses in their initial answer, it is not always possible to do so. Defendants asserted a number of affirmative defenses in their pleadings and included "the right to allege and assert additional defenses as they are discovered prior to trial." (Doc. 76, at 45.) Simply stating that additional defenses may be asserted later does not necessarily prevent waiver, or entitle a party to assert a new defense later. But one purpose of discovery is to develop the facts of a case. Those facts may lead to previously unconsidered affirmative defenses or claims. Contrary to plaintiffs' briefing, it appears that defendants did supplement their discovery responses, explaining the basis for at least one affirmative defense. (Doc. 194-1, at 8) Plaintiffs specifically requested information about defendants' estoppel contentions. (Id.)

This case has a complex procedural history both in federal court and with related state court cases. The parties and counsel are undoubtedly very familiar with the claims in this case and its extensive history. Plaintiffs have not shown that they are prejudiced due to the inclusion of the affirmative defenses in the pretrial order. There is no evidence of bad faith or that the amendments are futile.

Additionally, the court is aware that there is a pending motion for summary judgment on some of these affirmative defenses. Keeping in mind that the court prefers merits resolutions of claims where possible, the court will take up the substance of the affirmative defenses when deciding that motion. Based on all the evidence currently before the court, the court is not left with the feeling that a mistake has been made. The court finds that Judge O'Hara's decision to include the affirmative defenses was not clearly erroneous or contrary to law.

When determining whether to grant an amendment to a pretrial order, the court considers similar factors: prejudice or surprise to the moving party; the potential to cure any potential prejudice; disruption by inclusion of the issue; and bad faith. *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210 (10th Cir. 2002). The court already found that plaintiffs suffered no prejudice or surprise. However, even if they had, the court found that based on the particular circumstances of this case, its history, the extensive discovery conducted in this case, and the time frame still remaining before this case potentially proceeds to trial, any prejudice will likely be cured. Likewise there is no disruption to the case based on the inclusion of the affirmative defenses. There are six motions for summary judgment pending and the trial in this case is not set to take place for over six months. As noted above, the court finds no evidence of bad faith. Plaintiffs have not shown that it is necessary to amend the pretrial order to prevent manifest injustice.

**IT IS THEREFORE ORDERED** that plaintiffs' Objections to, and Motion for Review and to Amend Pretrial Order (Doc. 175) is denied.

Dated January 12, 2018, at Kansas City, Kansas.

                                             s/ Carlos Murguia
                                             **CARLOS MURGUIA**
                                             **United States District Judge**